LIBBY, *pro ami,* versus LIBBY, *administrator.*

Where the husband effects an insurance on his life "for the sole and separate use and benefit of his wife," if she dies before her husband, the property in the contract of insurance becomes vested in her heirs.

If the assured leave children by a former wife, *they* can take no portion of *such* insurance by inheritance, while any issue of the second wife survive.

But if the wife and her children die before the assured, then the beneficial interest of the contract of insurance is in him, and his administrator is authorized to receive the sum insured.

And if the assured leave children by a former wife, by our statute *they* shall inherit the sum secured by the policy, less the amount of premium paid and interest thereon, without being subject to administration.

ON FACTS AGREED.

ASSUMPSIT against defendant as administrator of the estate of Charles Libby.

On the 27th day of January, 1852, Charles Libby, the father of plaintiff, effected a policy of insurance upon his life, which "was made for the sole and separate use of Hannah E. Libby, (wife of said Charles,) and in case of her death before the said Charles, the amount of the said insurance shall be payable to her children for their use."

On the 18th of April, 1852, said Hannah died, leaving one child only, named Oscar, being also the child of said Charles, and also leaving the plaintiff, a son of said Charles, by a former wife. Her father, Stephen H. Davis, survives her.

On the 11th day of June, 1852, said Oscar died, and on the 13th day of the following August, Charles Libby, the assured, also died, leaving the plaintiff now under guardianship.

The question arising between the several parties and

the insurance company, to whom the policy should be paid, was referred to one learned in the law, who determined that the administrator of said Charles Libby was alone entitled to collect and receive the same, and to whom it was paid. The defendant claimed to administer upon it as part of the estate of Charles Libby.

It was stipulated, that if in the opinion of the Court, the plaintiff is entitled to the money, the defendant is to be defaulted, otherwise the plaintiff is to become nonsuit.

*Anderson* and *Harmon,* for defendant.

*Shepley & Dana,* for plaintiff.

SHEPLEY, C. J. — Charles Libby, on January 27, 1852, procured a policy of insurance on his own life, payable to his wife, who became legally entitled to the benefit of it by the provisions of the statute approved on Aug. 2, 1847, c. 27. Upon her decease, on April 18, 1852, her son and only child, Oscar Libby, became entitled to it by inheritance; and upon his decease on June 11, 1852, his father, Charles Libby, being his heir at law, became entitled to the benefit of it; and by the common law, the amount payable upon his decease, would have constituted a part of his personal estate, in which his creditors might have had an interest.

It is provided by statute approved on March 21, 1844, c. 114, "whenever upon the death of any person, who shall leave a widow and issue, or either, upon whose decease any sum or sums of money shall become due on account of any insurance on his life, obtained and effected by said deceased person, such sum of money, which is over and above the amount of premium paid by said deceased for such insurance, together with interest on said premium," "shall not make any part of the estate of the deceased," "but the same shall be distributed, if the deceased died intestate, without diminution, as provided in the sections following."

By the third section it is provided, that the issue shall be entitled to the whole, except the premium and interest thereon, if there be no widow.

To bring a case within the provisions of the statute, it must be shown, that the policy was effected by the deceased person upon his own life for an amount payable upon his decease, and that he at the time of his decease was entitled to the benefit of that insurance, and that he died leaving a widow or issue.

No provision is found in the statute requiring, that the amount insured should by the policy be made payable to the person whose life is insured. It is sufficient, that he was at the time of his decease legally entitled to the beneficial interest secured by the policy, and that there has been a compliance with the other requirements of the statute.

Deducting the premium, with interest upon it, to the time of the decease of Charles Libby, the plaintiff will be entitled to the remainder.      ·      *Defendant defaulted.*

TENNEY, WELLS, HOWARD and HATHAWAY, J. J., concurred.